**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| GREGORY CHARLES GOODSON<br><br>Plaintiff,<br><br>v.<br><br>CORE REAL ESTATE PARTNERS LLC,<br>CVILLAS AND ESTATES, LLC,<br>ANDREW THOMASSON, and<br>SUNSET LODGE INVESTMENTS LLC,<br><br>Defendants. | Civil Action No.:<br><br>3:26-cv-00099-JHY-JCH |

## **PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT**

## **INTRODUCTION AND BACKGROUND**

1. On September 29, 2026, Plaintiff Gregory Goodson ("Goodson" or "Plaintiff") filed the Complaint in the above captioned action. [ECF No. 1].

2. On February 18, 2025, Goodson filed the First Amended Complaint in the above captioned action. [ECF No. 4].

3. On October 23, 2026, Defendants Core Real Estate Partners LLC ("Core"), and Sunset Lodge Investments ("Sunset Lodge") filed a Motion to Dismiss. [ECF Nos. 13-14].

4. On October 23, 2026, Goodson filed a Notice of Voluntary of Dismissal for Defendant Guesthouses LLC ("Guesthouses"). [ECF No. 18].

5. On October 23, 2026, Defendants Cvillas and Estates LLC ("Cvillas"), and Andrew Thomasson ("Thomasson") filed a Motion to Dismiss. [ECF Nos. 19-20].

6. On November 13, 2026, this Court dismissed without prejudice Defendant Guesthouses. [ECF No. 22].

7. On November 6, 2026, Goodson filed an unopposed Motion for Extension of Time to File a Response to Core and Sunset Lodge's Motion to Dismiss. [ECF No. 23].

8. On November 10, 2026, this Court granted Goodson's Motion for Extension of Time to File a Response to Core and Sunset Lodge's Motion to Dismiss, and set the deadline for Goodson's response for today, November 13, 2026. [ECF No. 24].

9. Since November 6, counsel in this case have communicated unsuccessfully about a potential resolution to this case, including Goodson's counsel sharing a draft of Plaintiff's Proposed Second Amended Complaint with Defendants' counsel.

10. As of the time of this filing, Defendants' counsel has not indicated whether Defendants object to Plaintiff's Proposed Second Amended Complaint.

## ARGUMENT

### THIS COURT MUST ALLOW THE PLAINTIFF TO AMEND THE FIRST AMENDED COMPLAINT AS AMENDMENTS ARE FREELY GIVEN AND WILL NOT PREJUDICE THE DEFENDANTS

Rule 15(a) of the Federal Rules of Civil Procedure provides that the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). And the "general policy embodied in the Federal Rules favoring resolution of cases on their merits" also supports freely allowing amendments. *Davis v. Piper Aircraft Corp*., 615 F.2d 606, 613 (4th Cir. 1980). Accordingly, the Fourth Circuit has directed that "absence of prejudice, though not alone determinative, will normally warrant granting leave to amend." Id. Even an extended delay in seeking amendment standing alone, "without any specifically resulting prejudice, or any obvious design by dilatoriness to harass the opponent, should not suffice as reason for denial." *Id*. In

"exercising its discretion in the matter the Court should focus 'on prejudice or futility or bad faith as the only legitimate concerns in denying leave to amend, since only these truly relate to protection of the judicial system or other litigants.'" *Island Creek Coal Co. v. Lake Shore, Inc*., 832 F.2d 274, 279 (4th Cir. 1987) (quoting *Davis*, 615 F.2d at 613). Even where amendment "would require the gathering and analysis of facts not already considered by the opposing party, [] that basis for a finding of prejudice essentially applies where the amendment is offered shortly before or during trial." *Johnson v. Oroweat Foods Co*., 785 F.2d 503, 510 (4th Cir. 1986).

The Rule does not prescribe a time limit for the filing of amendments. The United States Supreme Court has enumerated several factors that are given weight by the courts in the exercise of their discretion on a motion for leave to amend: (1) undue delay; (2) bad faith; (3) dilatory motive; (4) repeated failure to remedy problems in the complaint; (5) undue prejudice; and (6) futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Courts also consider the effect denial of leave to amend would have on plaintiff, the reasons for plaintiff's failure to include or delete information earlier, and possible injustice to third parties. There is a strong bias toward granting motions for leave to amend. *Id*. Rule 15(a) itself directs that leave to amend "shall be freely given when justice so requires."

Allowing the motion will not prejudice the defendant or delay these proceedings. No Defendant has yet to file an Answer, and the Parties to this case have yet to agree on a Case Management Plan or begin the discovery process. Accordingly, the Second Amended Complaint will not constitute an unfair surprise or prejudice to Defendants. The Second Amended Complaint is attached as Exhibit A to this motion.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully request that the Court grant the motion seeking leave to amend Plaintiff's First Amended Complaint.

Dated: November 13, 2026

**Deal Copyright Law, P.L.C.**

*/s/ David C. Deal*
David C. Deal
P.O. Box 625
Charlottesville, VA 22902
Telephone: (434) 261-2704
Email: david@daviddeal.com
*Counsel for Plaintiff*