**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**CHARLOTTESVILLE DIVISION**

| | | |
|---|---|---|
| **GREGORY CHARLES GOODSON,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CORE REAL ESTATE PARTNERS LLC,**<br>**GUESTHOUSES, LLC,**<br>**CVILLAS AND ESTATES, LLC,**<br>**ANDREW THOMASSON, and**<br>**SUNSET LODGE INVESTMENTS LLC,**<br><br>**Defendants.** | ) | **Civil Action No.**<br>**3:26-cv-00099-JHY-JCH** |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE**
**TO AMEND FIRST AMENDED COMPLAINT**

Defendants Core Real Estate Partners LLC ("Core"), Sunset Lodge Investments LLC ("Sunset Lodge"), Cvillas and Estates, LLC ("Cvillas"), and Andrew Thomasson ("Thomasson") (collectively, "Defendants"), by counsel, oppose Plaintiff's Motion for Leave to Amend First Amended Complaint (ECF No. 25) (the "Motion").

Plaintiff did not respond to either pending motion to dismiss, although he requested (and was granted) an extension to respond. He asks instead to file a third complaint that reverses his own factual allegations about the license at the center of this case. Defendants told Plaintiff they would consent to the first version of the Second Amended Complaint he proposed. They cannot consent to the different one he filed, which he first sent to Defendants a few hours before he filed it, because it contradicts the First Amended Complaint (ECF No. 4) (the "FAC") on the facts that matter most, and because it still does not state a claim against Core or Sunset Lodge.

## BACKGROUND

Core and Sunset Lodge moved to dismiss the FAC on October 23, 2026 (ECF Nos. 13–14). Cvillas and Thomasson moved to dismiss it on October 30, 2026 (ECF Nos. 19–20). Plaintiff obtained an extension until November 13, 2026 to respond to the first motion (ECF No. 24). He responded to neither, as Defendants' notices filed today explain.

At 9:33 AM on November 13, 2026, Plaintiff's counsel sent Defendants' counsel a proposed Second Amended Complaint (the "first draft"), and Defendants' counsel advised that Defendants would not object to its filing and the relief sought. Later that afternoon (at 3:44 PM), Plaintiff's counsel sent a different proposed Second Amended Complaint, and Plaintiff filed that version with the Motion about 2.5 hours later (ECF No. 25-1) (the "Proposed SAC"). The Motion states that defense counsel "has not indicated whether Defendants object" (ECF No. 25 ¶ 10). That is true only of the version Defendants had received hours earlier.

The first draft narrowed the parties but kept the FAC's account of Plaintiff's dealings with his clients. The Proposed SAC does not. It contradicts the FAC, and itself, in at least these respects:

1. <u>The governing document.</u> The FAC alleges that Plaintiff's Estimate "governed the proposed photography shoots and corresponding limited license" for the parties' initial work (FAC ¶ 11), and that the Estimate granted a "perpetual license" to use the images to market short-term rental properties (*id.* ¶ 12). The Proposed SAC makes that allegation about the Agreement instead (Prop. SAC ¶ 13), and adds that the parties never made any other agreement (*id.* ¶ 15). The Estimate is still quoted (*id.* ¶ 10) but is no longer alleged to govern anything.

2. <u>Short-term rental use.</u> The FAC complains only of use to advertise the property for sale (FAC ¶¶ 23–39) and alleges no infringing use by the licensees themselves. The Proposed SAC alleges for the first time that Cvillas has infringed since about December 1, 2023 by using the photographs on its own website to market short-term rentals, a use "prohibited by Agreement"

(Prop. SAC ¶¶ 21–25). That is the same kind of use the FAC alleges Plaintiff licensed to these clients in perpetuity (FAC ¶¶ 11–12).

3. Sale use. The Proposed SAC adds emphasis to the Agreement's grant of the right to use the photographs for advertising "directly related to the sale of the property location" (Prop. SAC ¶ 12), yet still alleges that advertising the property for sale violated the Agreement (*id.* ¶¶ 36, 46). Read together, Plaintiff's pleadings now assert that the photographs could lawfully be used neither to rent the property nor to sell it.

4. The works. The FAC identifies the works in suit as 45 photographs titled "Ivy Cottages," registered as VA 2-486-351 (FAC ¶¶ 17–18). The Proposed SAC identifies them as 165 photographs titled "Foxhaven Photography," under the same registration number (Prop. SAC ¶¶ 17–18).

## ARGUMENT

Leave to amend "should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (internal quotation marks omitted); *see Foman v. Davis*, 371 U.S. 178, 182 (1962). Plaintiff, who has already amended once as of course, addresses only prejudice. The Motion should be denied on each ground.

### A. The Proposed SAC does not cure the defects identified in the pending motions.

An amendment is futile "if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards." *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011); *see Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995). Core and Sunset Lodge moved to dismiss because the license Plaintiff pleaded authorizes the use he complains of (ECF No. 14, Part IV.A). The Proposed SAC confirms the point. Plaintiff now alleges that the Agreement governs these photographs (Prop. SAC ¶¶ 13–15); that it grants the right to "reproduce,

publicly display, and distribute" them for advertising "directly related to the sale of the property location" (*id.* ¶ 12); and that the licensee gave Core "permission" to use them (*id.* ¶ 30). Every act attributed to Core is advertising the property for sale (*id.* ¶¶ 36–48), and the claim that Cvillas infringed by supplying the photographs to Core fails for the same reason (ECF No. 20). The only act attributed to Sunset Lodge is that it "hired" a listing agency (Prop. SAC ¶ 43), which is not reproduction, distribution, or display of anything. And because Plaintiff registered the photographs in February 2026, long after the alleged infringement began (*id.* ¶¶ 18, 22, 36), 17 U.S.C. § 412 bars the attorney's fees the Proposed SAC continues to demand (*id.*, Prayer ¶ d; ECF No. 14, Part IV.E). Plaintiff has disputed none of these grounds, and the Court may rule "on the uncontroverted bases asserted" in the pending motions. *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004).

**B. Rule 15 does not permit Plaintiff to plead around the pending motions by contradicting his own complaint.**

The change in which document "governed" does not help Plaintiff against Core or Sunset Lodge. Its only function is to support the one new claim in the Proposed SAC, that Cvillas infringed by marketing short-term rentals. In the FAC, Plaintiff emphasized the Estimate's limitation to rental marketing (FAC ¶ 12) to allege that a sale listing was unauthorized. Defendants answered that the Agreement, which Plaintiff also pleaded, licenses sale advertising. Rather than respond, Plaintiff now alleges that the Agreement alone governs, so that rental marketing is unauthorized, while still alleging that sale advertising is unauthorized too.

Rule 8(d) permits alternative theories. It does not invite opposite accounts of the same historical fact in successive complaints. In *Foman* itself, the amendment "would have done no more than state an alternative theory for recovery." 371 U.S. at 182. Which of Plaintiff's own

documents set the terms of his own license is within his personal knowledge, and it did not change between October 1 and November 13.

The Motion neither acknowledges the reversal nor explains it, although Plaintiff concedes that "the reasons for plaintiff's failure to include or delete information earlier" bear on whether leave should be granted (ECF No. 25 at 3). An amended complaint "may only allege other facts consistent with the challenged pleading." *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296–97 (9th Cir. 1990) (internal quotation marks and citation omitted) (affirming dismissal with prejudice where plaintiff could not amend "without contradicting any of the allegations of his original complaint"); *see also Colliton v. Cravath, Swaine & Moore LLP*, No. 08 Civ. 0400, 2008 WL 4386764, at *6 (S.D.N.Y. Sept. 24, 2008) (rejecting "a transparent attempt by plaintiff to amend his pleading in order to avoid a dispositive defense"), *aff'd*, 356 F. App'x 535 (2d Cir. 2009).

This Court was faced with a similar circumstance in *Cadmus v. Williamson*, 2016 U.S. Dist. LEXIS 11145, at *60 (W.D. Va. Feb. 1, 2016). There, the Plaintiff proffered an amended complaint which attempted to change a number of critical facts, apparently because he "misinterpreted how [his original] theory" would work in light of what was originally pled. The district court eventually permitted the amendment anyway, but based largely on the fact that the plaintiff was pro se. *Cadmus v. Williamson*, 2016 U.S. Dist. LEXIS 30628, at *34 (W.D. Va. Mar. 9, 2016). Similarly, in *Scott v. Family Dollar Stores, Inc.*, 733 F.3d 105, 118 (4th Cir. 2013) the Fourth Circuit overturned a district court's denial of a motion for leave to amend, but it was because the plaintiff's "present factual position in the proposed amended complaint is consistent

with the original complaint." Here, Plaintiff's factual position in the Second Amended Complaint is not consistent.[1]

The Court should apply the logic of these prior cases to deny leave to amend. Plaintiff obtained an extension to respond to a motion to dismiss, did not respond, and on a few hours' notice filed a complaint that reverses his account of the license. That is the "bad faith or dilatory motive on the part of the movant" that warrants denying leave. *Foman*, 371 U.S. at 182.

The amendment would also prejudice Defendants. It would moot two unopposed motions, *see Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001), reward Plaintiff's decision not to respond to them, more than triple the number of works in suit, and require a third round of motions. And this is not an amendment that "merely adds an additional theory of recovery to the facts already pled." *Laber*, 438 F.3d at 427. It changes the facts pled.

### C. Any leave granted should be limited.

If the Court permits an amendment, Defendants request that it (1) dismiss with prejudice Count II, which the Proposed SAC abandons, *see Young*, 238 F.3d at 573 (where amended complaint omits claims, "the plaintiff has waived those omitted claims"); and (2) allow Defendants 21 days after any amended complaint is filed to respond.

WHEREFORE, Defendants respectfully request that the Court deny Plaintiff's Motion for Leave to Amend First Amended Complaint (ECF No. 25), rule on the pending Motions to Dismiss (ECF Nos. 13 and 19), and grant Defendants such other and further relief as the Court deems just.

---

[1] Courts have sometimes viewed this through the lens of judicial estoppel, precluding a Plaintiff from "seeking to adopt a position that is inconsistent with a [prior position] of fact rather than law or legal theory." *Lowery v. Stovall*, 92 F.3d 219, 224 (4th Cir. 1996).

Respectfully submitted,

CORE REAL ESTATE PARTNERS LLC
SUNSET LODGE INVESTMENTS LLC
CVILLAS AND ESTATES, LLC
ANDREW THOMASSON

By Counsel

/s/ David W. Thomas__________________
David W. Thomas, Esq. (VSB No. 73700)
MichieHamlett PLLC
310 4th Street NE, 2nd floor
Charlottesville, Virginia 22902
P: (434) 951-7224
F: (434) 951-7244
dthomas@michiehamlett.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ David W. Thomas__________________
David W. Thomas, Esq. (VSB No. 73700)